UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BROOKS,

        Petitioner,         Case Number: 5:10-CV-10113

v.         HONORABLE JOHN CORBETT O'MEARA

NICK LUDWICK,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY

Michigan prisoner Terry Brooks has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for conspiracy to commit armed robbery, two counts of armed robbery, and assault with intent to rob while armed, which were rendered following a jury trial in the Wayne County Circuit Court in 2006. In his petition, he raises nineteen claims for relief. Respondent has filed a motion to dismiss on the ground that several of Petitioner's claims have not been exhausted in state court. For the reasons stated below, the Court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability.

**I.**

Following Petitioner's conviction and sentencing in Wayne County Circuit Court, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. He

raised these claims:

    I.    Mr. Brooks was denied a fair and impartial trial because:

        A.    The trial court erred when it determined that defense counsel could not strike her own witness' unresponsive answer mentioning polygraph results;

        B.    The trial court erred when it allowed the prosecution to call a polygraph examiner as a rebuttal witness to testify that Mr. Brooks had failed his polygraph examination;

        C.    The trial court gave a cautionary instruction about the polygraph exam testimony that effectively bolstered the testimony by referring to the "actual test results;"

        D.    Defense counsel was ineffective when she did not object to the improper polygraph instruction.

    II.    The trial court abused its discretion when it denied Mr. Brooks' motion to sever his trial from co-defendant Duncan's trial.

    III.    Due process requires resentencing where OV 1 and OV 2 were misscored and this correction results in a lower recommended minimum sentence range.

Petitioner raised the following claims in a pro per supplemental brief:

    IV.    Constitutional error occurred under the 14th Amendment when the defendant was tried and convicted as a one man conspirator, when a one man conspiracy rule is inapplicable under the laws of the State of Michigan, this is further without a scintilla of independent corroborating evidence to prosecute the defendant on a charge of conspiracy.

    V.    Constitutional error occurred under the 14th Amendment when the accused was charged with armed robbery, but, there's not a scintilla of evidence to support the inference based on an inference.

    VI.    Constitutional error occurred under the 14th Amendment when the defendant was charged with assault w/intent to rob based solely on theoretical assertion that derived from hearsay, absent any proof to prove

        the elements and evidence to support the charge sustained.

VII. Constitutional error occurred under the 14th Amendment when the defendant was improperly charged, and the more appropriate and general statute for this case, is a charge of possession of stolen property, rather than a charge of armed robbery and assault with intent to rob.

VIII. Constitutional error occurred under the 5th Amendment regarding double jeopardy, when the accused was charged for multiple punishment for the same offense, when the elements and evidence did not support the statutory charge.

IX. Constitutional error occurred under the 14th Amendment when the criminal code was violated, MCL 750.122, and perjured testimony was used to sway the jury for a guilty finding against the accused.

X. Constitutional error occurred under the 14th Amendment when an abuse of discretion occurred from the trial court, when Judge Youngblood blatantly allowed several ill founded acts to occur that impeded on due administration of justice in a court of law.

XI. Constitutional error occurred under a 6th and 14th Amendment violation, where in this instance the criminal code for bribery was violated by an inducement of a witness.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Brooks,* No. 271831 (Mich. Ct. App. May 28, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals, and these additional claims:

I. Constitutional error occurred against the 4th and 14th Amendments for structural error when the police and the prosecutor failed to follow the protocol, for the statutory requirement for arrest, thus creating jurisdictional defects for want of subject matter jurisdiction null and void warranting prosecution.

II. Constitutional error occurred against the 4th and 14th Amendments when

        the accused was denied any legal opportunity for a corporeal line-up upon arrest and confinement in jail.

    III.    Constitutional error occurred under U.S. Constitution of a 4th Amendment violation due to an illegal search and seizure that was constitutional and statutorily defective as to authority, jurisdiction and venue, which derived from hearsay information from an informant with motive to lie and did.

    IV.    Constitutional error occurred under Article III when a non attorney magistrate not under the same authority as a district court judge acted sua sponte in violation of his governing authority by issuing a search warrant out of his city jurisdiction without a district court judge written authority.

    V.    A 4th Amendment violation occurred when the police conducted an illegal search and seizure with a legal court order from a judge of proper venue to arrest and seize the defendant.

    VI.    A 14th Amendment violation occurred when the trial court denied the defendant the opportunity to prove his actual innocence, through a habeas corpus and a series of motions which deprive the accused of access to the court. This is a direct violation of Obstruction of Justice, MCL 750.505.

    VII.    An abuse of process is shown being that a radical jurisdictional defect exists. The prosecutor was forced to devise a material fact for prosecution.

The Michigan Supreme Court denied leave to appeal. *People v. Brooks*, 485 Mich. 977 (Mich. Nov. 23, 2009).

Petitioner then filed a complaint for a writ of habeas corpus in the Michigan Court of Appeals. He raised these claims:

    I.    Constitutional error of a Fourth Amendment violation, occurring from information of informant with motive to lie and devised a material fact to cover the lie made.

    II.    Constitutional error . . . when a non-attorney magistrate issued as each warrant out of his jurisdiction, and with a district court judge written authority, violation the Fourth Amendment and the search and seizure statute.

    III.    Constitutional error occurred when the Livonia Police went into a Redford Township home without a legal search warrant from a Redford Township District Court Judge.

The Michigan Court of Appeals dismissed the complaint because there was an "outstanding fee of $237.16 in Docket No. 239159. Under state law, a prisoner may not file another civil appeal or original action in this Court until such time that either the Department of Corrections remits or the prisoner pays the entire outstanding balance due in a previous civil action." *Brooks v. Dep't of Corrections*, No. 274731 (Mich. Ct. App. Dec. 28, 2006). Petitioner did not seek leave to appeal this Order in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, dated June 4, 2010.

Petitioner then filed the pending petition for a writ of habeas corpus. He raises these claims:

    I.    Constitutional error occurred against the 4th and 14th Amendments for structural error when the police and the prosecutor failed to follow the protocol, for the statutory requirement for arrest, thus creating jurisdictional defects for want of subject matter jurisdiction over the statutory charge.

    II.    Constitutional error occurred against the 4th and 14th Amendments when the accused was denied any legal opportunity for a corporeal line-up upon arrest.

    III.    Constitutional error occurred under U.S. Constitution of a 4th Amendment violation due to an illegal search and seizure that was constitutional and statutorily defective as to authority, jurisdiction and venue, which derived from hearsay information of informant with motive to lie and devised a material fact to cover the lie made.

    IV.    Constitutional error occurred under Article III when a non attorney magistrate not under the same authority as a district court judge acted sua

        sponte in violation of his governing authority by issuing a search warrant out of his city jurisdiction and without a district court judge written authority.

V.      Constitutional error occurred of a 4th Amendment violation when the Livonia police arbitrarily entered into a Redford Township home, and conducted an illegal search and seizure without a legal warrant and without a written court order from a judge of proper venue to arrest and seize the accused.

VI.     Constitutional error occurred under the 14th Amendment violation in conjunction to a 14th Amendment violation of obstruction of justice commenced by the trial court, by denying the accused the opportunity to prove his actual innocence, through a habeas corpus and a series of motions which deprive the accused of access to the court.

VII.    Constitutional error occurred under 14th Amendment violation in conjunction to a 14th Amendment violation, when the Livonia Police Department and the prosecutor's office, arbitrary actions, unequivocally reveals an abuse of process was used to arrest and prosecute the accused, absent the authority under subject matter jurisdiction warranting prosecution.

VIII.   Constitutional error occurred under 14th Amendment violation when the accused was charged with conspiracy, without a scintilla of proof of agreement for the specific intent crime that statutorily, the elements and evidence must be made apparent ab initio.

IX.     Constitutional error occurred under the 14th Amendment when the accused was charged with armed robbery but, there's not a scintilla of evidence to support the inference based on an inference.

X.      Constitutional error occurred under the 14th Amendment when the defendant was charged with assault with intent to rob based solely on theoretical assertions that derived from hearsay, absent any proof to prove the elements and evidence to support the charge sustained.

XI.     Constitutional error occurred under the 14th Amendment when the defendant was improperly charged, and the more appropriate and general statute for this case is a charge of possession of stolen property, rather than a charge of armed robbery and assault with intent to rob.

XII. Constitutional error occurred under the 5th Amendment violation regarding double jeopardy when the accused was charged for multiple punishments for the same offense, when the elements and evidence did not support the statutory charges.

XIII. Constitutional error occurred under a 6th Amendment violation when the defendant was denied his right to a speedy trial, and the right to equal protection of the law when the trial court refused to adjudicate this matter on the prejudice to the accused.

XIV. Constitutional error occurred under the 14th Amendment when the criminal code was violated, MCLA 750.422, and perjured testimony was used to sway the jury for a guilty finding against the accused.

XV. Constitutional error occurred under the 14th Amendment when the defendant's incarceration originated from vindictive prosecution absent subject matter jurisdiction governing the statutory charges.

XVI. Constitutional error occurred under the 14th Amendment when an abuse of discretion occurred from the trial court, when Judge Youngblood blatantly allowed several ill founded acts to occur that impeded on due administration of justice in a court of law.

XVII. Constitutional error occurred under the 6th and 14th Amendment violations, where in this instance the criminal code for bribery was violated by an inducement of a witness.

XVIII. Constitutional error occurred under the 14th Amendment when the defendant's scoring guidelines were enhanced contrary to the ten year gap requirement a substantial right violation and undermines the fairness of the sentencing scoring, and equal protection of the law.

XIX. Constitutional error occurred under the 6th Amendment when trial counsel's actions manifest gross negligence, and a willful and wanton disregard to challenge the averments presented, which deprived the defendant of equal protection and due process of law.

Respondent has filed a motion to dismiss on the ground that claims I through VII, XIII, XV, XVIII, and XIX, are unexhausted.

## II.

As an initial matter, Petitioner has filed a Motion for Default Judgment and Motion to Strike Respondent's Response to Petitioner's Default Motion and Motion to Dismiss.

Petitioner filed his habeas corpus petition on January 12, 2010. The Court issued an Order requiring Respondent to file a responsive pleading and all relevant materials required by Rule 5, Rules Governing Section 2254 Cases, by September 30, 2010. On the date the responsive pleading was due, Respondent filed a Motion for Extension of Time. The Court granted the Motion on November 9, 2010, allowing Respondent an additional ninety days to file a responsive pleading. In his response to Petitioner's Motion for Default Judgment, Respondent states that he incorrectly believed that the time for filing a responsive pleading was enlarged by ninety days from the date of the Court's Order, rather than ninety days from the original due date and filed his response in accordance with that belief.

A federal court may grant habeas corpus relief to "a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). The Sixth Circuit Court of Appeals has held that, based upon the express language of this habeas corpus provision, a federal court may not grant habeas corpus relief by entering a default judgment when the Office of the Attorney General fails to file a timely response to a habeas corpus petition. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). *Accord Bleitner v. Welborn*, 15 F.3d 652 (7th Cir. 1994); *Gordon v. Duran*, 895

F.2d 610, 612 (9th Cir. 1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). Thus, the Court must deny petitioner's request for a default judgment.

Where a respondent fails to timely file a response, the Court may refuse to consider the untimely response, or the Court may find that the respondent waives all procedural defenses, with the exception of the exhaustion requirement, which, pursuant to 28 U.S.C. § 2254(b)(3), is preserved absent express waiver by the State. *See Bennett v. Collins*, 835 F. Supp. 930, 936-37 (E.D. Tex. 1993). In the pending case, Respondent's responsive pleading was filed approximately five weeks after the date for filing had passed. The Court finds that this delay, while not to be condoned or excused, was not the result of bad faith nor was it so extreme as to warrant sanctions. The Motion for Default Judgment will be denied.

Also before the Court is Petitioner's Motion to Strike Respondent's Response to Petitioner's Default Motion and Respondent's Motion to Dismiss. Federal Rule of Civil Procedure 12(f) authorizes a district court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and infrequently granted:

> [T]he action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice.

*Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted); *Cronovich v. Dunn*, 573 F. Supp. 1330, 1338 (E.D. Mich. 1983). The Court finds that neither of Petitioner's pleadings present "insufficient defense or any

redundant, immaterial, impertinent or scandalous matter" so as to warrant striking the Answer under Fed. R. Civ. P. 12(f). Therefore, this Court shall deny Petitioner's Motion.

### III.

Respondent argues that the petition should be dismissed because Petitioner's claims numbered I through VII, XIII, XV, XVIII, and XIX, are unexhausted. A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner's claims VII and XIX have not been raised in state court and, therefore, are unexhausted. Petitioner's claims I through VI, XIII, XV, and XVIII were presented for the first time in his application for leave to appeal to the Michigan Supreme Court. A

defendant has failed to "fairly present" an issue when it is raised for the first time when review is discretionary. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). An issue is not fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review. *See Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006).

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust,* 17 F.3d at 160. However, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 1534 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary. Additionally, the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), is not

at risk of expiring. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir.2000); S.Ct. Rule 13(1), in this case, on or about February 21, 2010. Petitioner's habeas petition was filed on January 12, 2010, before the limitations period commenced. While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time may be equitably tolled by the Court so long as Petitioner diligently pursues his rights in state court. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (June 14, 2010) (holding that "§ 2244(d) is subject to equitable tolling"). Additionally, the one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. See 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Petitioner thus has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Additionally, Petitioner has also not shown good cause for failing to exhaust his claims in the state courts before proceeding in federal court on habeas review. At least one of his unexhausted claims appears to concern matters of federal law which may warrant further review. His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

12

### IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

### V.

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies. Accordingly, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [dkt. #12] is GRANTED and the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

The Court concludes that reasonable jurists would not debate whether the Court is correct in its procedural ruling. Accordingly, a certificate of appealability is DENIED.

Further, Petitioner's Motion for Default Judgment [dkt. #10] and Motion to Strike Respondent's Response to Petitioner's Default Motion and Respondent's Motion to Dismiss [dkt. #14] are DENIED.

SO ORDERED.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  August 1, 2011

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 1, 2011, using the ECF system and upon Petitioner at Saginaw Correctional Facility by first-class U.S. mail.

                                            s/William Barkholz
                                            Case Manager